IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MICHAEL MAURICE WILSON,**

Petitioner,

v.  CRIMINAL ACTION NO. 2:11cr180
    CIVIL ACTION NO. 2:17cv75

**UNITED STATES OF AMERICA,**

Respondent.

*MEMORANDUM OPINION AND ORDER*

Michael Maurice Wilson ("Petitioner") has submitted a Petition to proceed *in forma pauperis*, and a Motion pursuant to 28 United States Code, Section 2241 (§ 2241). For the reasons set forth herein, the Court **CONSTRUES** Petitioner's § 2241 Motion as a Motion filed pursuant to Title 28, United States Code, Section 2255 (§ 2255). Having thoroughly reviewed Petitioner's petition and § 2255 Motion, the Court finds that this matter is ripe for judicial determination, and does not need to hold a hearing. For the foregoing reasons, Petitioner's petition and § 2255 Motion are **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 6, 2013, a Grand Jury in the Eastern District of Virginia indicted Petitioner on four counts. ECF No. 210 (No. 2:11cr180). On October 4, 2013, Petitioner pled guilty to Count Thirty-Nine of the Indictment. ECF No. 306 (No. 2:11cr180). Count Thirty-Nine charged Petitioner with Witness Tampering in violation of 18 U.S.C. § 1512(a)(2)(A). *Id.* On March 24, 2014, Petitioner was sentenced to imprisonment for forty months to be served consecutive to the term imposed in case number 2:07cr129. ECF Nos. 395 & 396 (No. 2:11cr180). The Court

1

further directed that Petitioner's term of imprisonment would be followed by a three-year term of supervised release to run concurrently with the sentence imposed in case number 2:07cr129. *Id.*

On October 30, 2015, Petitioner filed an Application to Proceed *in forma pauperis*, as well as a Motion pursuant to 28 U.S.C. § 2241. ECF No. 1 & 2 (No. 2:17cv75). To date, Petitioner has not filed an appeal with the United States Court of Appeals for the Fourth Circuit.

## II. LEGAL STANDARD

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

relief." 28 U.S.C. § 2255(b) (2008). Whether a hearing is mandatory for a § 2255 Motion and whether petitioner's presence is required at the hearing is within the district court's sound discretion and is reviewed for abuse of discretion. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970) (citing *Machibroda v. United States,* 368 U.S. 487 (1962)).

### III. DISCUSSION

Petitioner petitions the Court for permission to proceed *in forma pauperis*, and moves the Court to "correct" or "vacate" his sentence pursuant to § 2241. ECF Nos. 1& 2 (No. 2:17cv75). The Court will first address Petitioner's motion pursuant to § 2241 because the Court's determination on Petitioner's motion will determine whether Petitioner's petition to proceed *in forma pauperis* should be granted.

Petitioner argues that because he was sentenced for witness tampering, he should not have received an enhancement for making a "credible threat" to use violence. *Id.* Petitioner asserts that the foregoing constitutes "double jeopardy," and that the sentencing Court "was wrong when it enhanced [Petitioner's] sentence by applying a 2 level enhancement for threat of violence," which he argues is equivalent to tampering. *Id.* Petitioner argues that in light of this violation, he should be granted relief under § 2241.

A federal prisoner may file a motion pursuant to § 2241, if the remedy under § 2255 is " 'inadequate or ineffective to test the legality of his detention.' " *Poe v. LaRiva,* 834 F.3d 770, 772 (7th Cir. 2016) (quoting *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013) & 28 U.S.C. § 2255(e) (2008) ("Savings Clause")). The remedy under § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the

3

gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In Re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Thus, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *Id*, 226 F.3d at 333. A contrary rule would effectively nullify § 2255's gatekeeping provisions. *Id.* at 334.

To successfully pursue relief under § 2241, Petitioner must show he satisfies all of the aforementioned factors to render remedy under § 2255 inadequate and ineffective to test the legality of his conviction. Here, Petitioner has not shown that he satisfies any of these factors. First, at the time of Petitioner's sentencing, the law was not unsettled regarding its legality— namely that it is illegal to "influence, delay, or prevent the testimony of any person in an official proceeding." *See* 18 U.S.C. 1512(a)(2)(A) (2008); ECF No. 398 (No. 2:11cr180); *see generally United States v. West*, 303 Fed App'x 156, 157 (4th Cir. 2008). This is especially true when Petitioner intelligently and voluntarily admitted to so doing. *See* ECF No. 306 (No. 2:11cr180). Second, to date, Petitioner has not filed a § 2255 motion, which means the second factor does not apply. Third, Petitioner's Motion is directly related to an alleged Constitutional violation because Petitioner asserts that his rights, pursuant to the Double Jeopardy clause of the Fifth Amendment to the United States Constitution, have been violated. As a result, the third factor is also inapplicable. For these reasons, the Court **CONSTRUES** Petitioner's petition as having been filed under 28 U.S.C. § 2255.

A § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f) (2008). The limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at (1)-(4). Petitioner's § 2255 motion is not timely under § 2255(f)(1) because he filed more than one year after his judgment of conviction became final. The motion is not timely under § 2255(f)(2) because Petitioner alleges no unlawful governmental action that prevented him from filing the § 2255 Motion. The motion is not timely under § 2255(f)(3) because he has not alleged any right that has been newly recognized by the Supreme Court and made retroactively applicable to his case on collateral review. The motion is not timely under § 2255(f)(4) because Petitioner provides no evidence of newly discovered facts that would affect his sentence.

For these reason, Petitioner's § 2255 Motion is **DENIED**. Accordingly, Petitioner's petition to proceed *in forma pauperis* is also **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner's § 2255 motion, as well as his petition to proceed *in forma pauperis*, is **DENIED**.

Additionally, Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right. Therefore, pursuant to 28 U.S.C. § 2253(c)(2), a Certificate of Appealability is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 7, 2017

Raymond A. Jackson
United States District Judge

5